UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WALTRAUD WINTERFELD,<br><br>  Plaintiff,<br><br>v.<br><br>GATEWAY TRANSITIONAL CARE CENTER, a.k.a. POCATELLO HEALTH SERVICES INC., *a corporation licensed to do business in the State of Idaho*; TRAVIS JACOBSON, *an individual*; GAVIN MONTEATH, *an individual*; NATIONAL GUARDSMAN MCCARTHY, *in his individual capacity*; the IDAHO NATIONAL GUARD; the UNITED STATES ARMY; and DOES I-X,<br><br>  Defendants. | Case No. 4:23-cv-00226-AKB<br><br>**MEMORANDUM DECISION AND ORDER RE MOTION TO STAY PROCEEDINGS** |

Defendants Gateway Transitional Care, Travis Jacobsen, and Gavin Monteath move to stay these proceedings pursuant to Idaho Code §§ 6-2301, 6-2304, 6-1006. (Dkt. 10). The Court denies Defendants' motion to stay.

## I. BACKGROUND

In April 2021, Plaintiff Waltraud Winterfeld was a patient at Defendant Gateway Transitional Care Center while recovering from her recent back surgery. (Dkt. 1 at ¶ 13). After receiving "poor and negligent care" from Gateway Transitional Care Center, Winterfeld attempted to leave the facility. (Dkt. 1 at ¶¶ 15-28). As Winterfeld attempted to walk out the front doors of the facility, employees, including Defendants Travis Jacobson and Gavin Monteath, prevented Winterfeld from leaving. (Dkt. 1 at ¶¶ 20-23). At the time, Defendant National Guardsman

McCarthy had been assigned to the facility in response to COVID-19, and he also physically prevented Winterfeld from leaving. (Dkt. 1 at ¶¶ 24-25). Defendants did not allow Winterfeld to leave until she completed a release of liability for the facility. (Dkt. 1 at ¶ 26).

Eventually, Winterfeld managed to leave, but she was only able to do so by leaving behind her walker and personal belongings. (Dkt. 1 at ¶ 28). Winterfeld reported the incident to the police. (Dkt. 1 at ¶ 31). Winterfeld alleges Defendant Jacobson admitted to police that he physically prevented Winterfeld from leaving until she signed a release of liability and that he had previously prevented patients from leaving unless they signed a release. (Dkt. 1 at ¶¶ 32-33).

Based on these events, Winterfeld filed the instant suit in May 2023, alleging claims for assault and battery, false imprisonment, racketeering, negligence, violations of the Idaho Consumer Protection Act, and violations of Winterfeld's constitutional rights. (Dkt. 1 at ¶¶ 40-121). In response, Defendants Gateway Transitional Care, Jacobsen, and Monteath move to stay these proceedings pursuant to Idaho Code § 6-2301. (Dkt. 10).

## II. ANALYSIS

Defendants contend Idaho Code § 6-2301 requires Winterfeld to present her case to a prelitigation panel for licensed nursing facilities as a condition precedent to litigation, and due to that alleged requirement, Defendants seek to have this case stayed pursuant to I.C. §§ 6-2301 and 6-1006. (Dkt. 10-1). In relevant part, I.C. § 6-2301 provides:

> In the event of an alleged negligence or wrongful death case involving a claim for damages against a licensed nursing facility operating in the state of Idaho, the Idaho state board of examiners of nursing home administrators is directed to cooperate in providing a prelitigation hearing panel. The panel shall operate in the nature of a special civil grand jury and procedure for prelitigation consideration of personal injury and wrongful death claims for damages arising out of the provision of or alleged failure to provide medical, nursing, or health care services in the state of Idaho.

**MEMORANDUM DECISION AND ORDER RE MOTION TO STAY PROCEEDINGS - 2**

Where applicable, filing with a prelitigation hearing panel is a condition precedent to litigation. I.C. § 6-2301; *see Moss v. Bjornson*, 765 P.2d 676, 678 (Idaho 1988). Such filing, however, "is not a condition precedent to filing an action in order to toll the statute of limitations." *Moss*, 765 P.2d at 678; *see* I.C. §§ 6-2301, 6-2304, 6-1006. Accordingly, when a case is before the prelitigation panel, courts are directed to stay any commenced litigation until the issues are submitted to the panel and for an additional thirty days following submission. I.C. § 6-1006.

Winterfeld contends the requirement to file with a prelitigation panel is inapplicable to her case because her claims "are not claims for the failure to provide medical, nursing, or health care services." (Dkt. 13 at p. 2). Defendants argue Winterfeld's claims arise "out of the provision of or alleged failure to provide medical, nursing, or healthcare services," making the statutory requirement applicable. (Dkt. 10-1 at pp. 3-4).

Winterfeld's claims generally revolve around Defendants allegedly preventing her from leaving the facility on her own accord. That Winterfeld's desire to leave the facility was based on her belief that the facility provided her with "poor and negligent care" (Dkt. 1 at ¶ 16) does not trigger the application of I.C. § 6-2301 to Winterfeld's claims. Rather, the question is whether Winterfeld's claims are "personal injury . . . claims for damages arising out of the provision of or alleged failure to provide medical, nursing, or health care services." I.C. § 6-2301; *see* I.C. § 6-1012; *Eldridge v. West*, 458 P.3d 172, 177-79 (Idaho 2020); *Hough v. Fry*, 953 P.2d 980, 983 (Idaho 1998). As stated in the complaint, Winterfeld's claims arise from Defendants' alleged efforts to prevent her from leaving the facility, not from the provision of or failure to provide medical, nursing, or health care services. Despite alleging she received negligent medical care, Winterfeld does not assert a malpractice claim against Defendants. Because Winterfeld's claims

arise from conduct separate from the medical care she received at the facility, I.C. § 6-2301 does not apply in this case.

### III.  ORDER

**IT IS ORDERED that:**

1. Defendants' Motion to Stay Proceedings (Dkt. 10) is **DENIED**. Defendants Gateway Transitional Care, Travis Jacobsen, and Gavin Monteath are directed to file their responsive pleading to Plaintiff's complaint within fourteen (14) days of the issuance of this order. *See* Fed. R. Civ. P. 12(a).

DATED: October 30, 2023

*Amanda K. Brailsford*
**Amanda K. Brailsford**
U.S. District Court Judge